IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARY C. STOVER,**

    **Plaintiff,**

  vs.                          Civil Action 2:08-CV-769
                                  Judge Smith
                                  Magistrate Judge King

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff in this action challenges the denial by the Commissioner of Social Security of her application for a period of disability and disability insurance benefits. In a *Report and Recommendation* issued August 28, 2009, Doc. No. 25, the United States Magistrate Judge concluded that the decision of the Commissioner is supported by substantial evidence and recommended that the action be dismissed. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation,* Doc. No. 26, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease of the lumbar and cervical spine and right shoulder pain. *A.R.* 20. The administrative law judge also found that plaintiff has the residual functional capacity to perform a reduced range of light work. According to the administrative law judge, this residual functional capacity would permit the performance of some of plaintiff's past work or, alternatively, a significant number of jobs as identified by the vocational expert. *A.R.* 26-27.

Plaintiff challenges, both in her *Statement of Errors* and in her *Objections*, the administrative law judge's rejection of the residual functional capacity assessment articulated by Robert M. Holley, M.D., plaintiff's primary care physician. In June 2007, Dr. Holley indicated that plaintiff could lift no more than two pounds with her right arm, could stand or walk for no more than 15 minutes at a time, for a total of two hours, could sit for no more than two hours in an eight-hour workday, and was limited in her ability to reach, handle, push/pull and work around heights and moving machinery. *A.R.* 515. The administrative law judge found that this assessment was inconsistent with Dr. Holley's own findings and opinions and was inconsistent with other evidence of record, including the assessment of the state agency physician who opined that plaintiff could perform light exertion and, as plaintiff acknowledged, "the admittedly normal test results, ..." *Plaintiff's Statement of Specific Errors,* Doc. No. 18, p.12.

In her *Objections*, plaintiff refers to the unpublished decision of the United States Court of Appeals for the Sixth Circuit, *Simpson v. Commissioner of Social Security*, 2009 WL 2628355 (6th Cir. August 27, 2009)(unpublished), which held that an administrative law judge's rejection of a treating physician's residual functional capacity constituted "a medical judgment the ALJ was not qualified to make." *Simpson,* 2009 WL 2628355, *13. *Simpson* is an unpublished opinion without precedential value. Moreover, the Court concludes that the reasoning of *Simpson* is inapposite to the facts of this case. In *Simpson,* the administrative law judge rejected the treating physician's residual functional capacity assessment, which was based on a documented condition, because the administrative law judge personally "found it 'inconceivable' that this claimant who has had pain due to pelvic

2

adhesions with otherwise normal examinations would be completely unable to move to do anything at all.'" *Simpson*, at *12. In this case, however, the normal diagnostic test results, plaintiff's conservative treatment and the fact that plaintiff takes no pain medication are all inconsistent with Dr. Holley's extremely restrictive assessment. This Court concludes that the administrative law judge properly evaluated the assessment of plaintiff's treating primary care physician and that his rejection of that assessment enjoys substantial support in the record.[1]

Plaintiff's *Objections* to the *Report and Recommendation* are **DENIED.** The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.**

The decision of the Commissioner is **AFFIRMED** and this action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

                                                    s/George C. Smith
                                                   George C. Smith, Judge
                                             United States District Court

---

[1] Plaintiff suggested that her essentially conservative care was a function of her financial condition. The Magistrate Judge observed that this suggestion was belied by "the voluminous medical record in this case. ..." *Report and Recommendation,* p. 17. Plaintiff now complains that "the number of pages of record has no bearing on the cost of treatment received." *Objections*, p. 3. The administrative record in this action consists of more than 500 pages, and includes extensive diagnostic testing which, as previously noted, plaintiff concedes was essentially "all normal. ..." *Plaintiff's Statement of the Case*, p. 12. This Court agrees with the observation of the Magistrate Judge that the absence of significant treatment cannot be explained merely by a financial constraint.